IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARION DAVID HAGER | § | |
| (BOP Register No. 54182-380), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:18-cv-355-D-BN |
| | § | |
| UNDERWOOD, Warden, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Marion David Hager , an inmate at FCI Seagoville (an institution in

the Dallas Division of this district) – who was not prosecuted in this Court – has filed

a *pro se*, court-ordered amended 28 U.S.C. § 2241 habeas petition "regarding conviction

and/or sentence" that has "nothing to so with F.B.O.P. or prison conditions." Dkt. No.

5. As the amended petition makes clear, it is based on 28 U.S.C. § 2255(e) – Section

2255's "savings clause." And this resulting action has been referred to the undersigned

United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and

a standing order of reference from United States District Judge Sidney A. Fitzwater.

The undersigned enters these findings of fact, conclusions of law, and recommendation

that the Court should summarily dismiss Hager's Section 2241 petition for lack of

jurisdiction.

**Applicable Background**

After pleading guilty, Hager was convicted of possession of a firearm by a

convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and on October 28, 2015, he was sentenced to 72 months of imprisonment. *See United States v. Hager*, No. 6:15-cr-00125-RP (W.D. Tex. Oct. 28, 2015). It does not appear that Hager filed a direct appeal. Nor does it appear that he challenged this criminal judgment in the district of conviction through a motion filed under 28 U.S.C. § 2255.

Instead, Hager, through the Section 2241 petition, now appears to challenge relevant conduct used to determine his sentence. *See, e.g.,* Dkt. No. 5 at 5 (describing the sole ground for relief as "relevant conduct points assessed for number of guns (4) points and firearm possession in furtherance of another felony offense (4) points").

## Legal Standards and Analysis

"Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require,'" *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); that statute "authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government," *Gatte v. Upton*, No. 4:14-cv-376-Y, 2014 WL 2700656, at *1 (N.D. Tex. June 13, 2014) (footnote omitted). Further, under the Rules Governing Section 2254 Cases in the United States District Courts – which "also apply to § 2241 habeas cases," *Romero v. Cole*, No. 1:16-cv-148, 2016 WL 2893709, at *2 & n.4 (W.D. La. Apr. 13, 2016) (collecting authority, including *Castillo v. Pratt*, 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001)), *rec. accepted*, 2016 WL 2844013 (W.D. La. May 12, 2016) – "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition," RULE 4, RULES

GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

Section 2241 "is the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)); *see also Robinson v. United States*, 812 F.3d 476, 476 (5th Cir. 2016) (per curiam) ("Section 2255 provides 'the primary means of collaterally attacking a federal sentence.' Section 2241, on the other hand, is used to challenge 'the manner in which a sentence is executed.'" (quoting *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000))).

And a Section 2241 petition "that raises errors that occurred at or prior to sentencing" – like Hager's petition – "should be construed as a § 2255 motion." *Robinson*, 812 F.3d at 476 (citing *Tolliver*, 211 F.3d at 877-78).

But, under Section 2255's

> savings clause, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained if the petitioner shows that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *see also* § 2255(e).

> [A petitioner] has the burden of showing that the § 2255 remedy is inadequate or ineffective. *See Wesson v. United States Penitentiary Beaumont, TX*, 305 F.3d 343, 347 (5th Cir. 2002). He must show that his claims are "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and were "foreclosed by circuit law at the time when the claim[s] should have been raised in [his] trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *see also Jeffers*, 253 F.3d at 830-31.

*Id.* at 476-77.

Hager's challenge to the relevant conduct that presumably was taken into consideration to determine his current sentence appears to be based on *Nelson v. Colorado*, 137 S. Ct. 1249 (2017), in which the Supreme Court of the United States overturned on due process grounds Colorado statutes that required defendants whose convictions were reversed or vacated to prove their innocence by clear and convincing evidence in order to be refunded costs, fees, and restitution paid under the invalidated convictions. *See* Dkt. No. 5 at 10-14. And Hager appears to argue that this Court should conclude that *Nelson* is retroactively applicable based on a decision of the United States Court of Appeals for the Fifth Circuit – *Santillana v. Upton*, 846 F.3d 779 (5th Cir. 2017). *See* Dkt. No. 5 at 11-12.

In *Santillana*, the panel reaffirmed that, for Section 2241 purposes, the Supreme Court need not make the retroactivity determination. *See* 846 F.3d at 783 ("Our precedent requires only that a § 2241 petition be based on a 'retroactively applicable Supreme Court decision,' without specifying that the Supreme Court must have made the determination of retroactivity." (citation omitted)). But there, the Fifth Circuit, in deciding that *Burrage v. United States*, 134 S. Ct. 881 (2014), was retroactively applicable for purposes of Section 2241, dealt with a Supreme Court decision that interpreted a federal statute that substantively defines criminal offenses. *See Santillana*, 846 F.3d at 782-84.

> Although we have not yet considered whether *Burrage* is applicable retroactively, our caselaw "establishes that new Supreme Court decisions interpreting federal statutes that substantively define criminal offenses automatically apply retroactively." Such interpretative decisions "decide for the entire country how courts should have read the statute since it

-4-

>       was enacted." They apply retroactively because they "necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal...." We have held several such Supreme Court decisions to be retroactive.

*Id.* at 782 (citations and brackets omitted).

*Nelson* is not such a Supreme Court decision. It interprets not a federal statute (much less one that impacts Hager's federal conviction) but Colorado state law. Therefore, because Hager's petition fails to raise a claim "that is based on a retroactively applicable Supreme Court decision," the Court is "without jurisdiction to consider [it]." *Sanchez v. Chandler*, No. 4:15-cv-458-Y, 2015 WL 4486773, at *1 & *2 (N.D. Tex. July 23, 2015) (citing *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d at 904; *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003)); *cf. Scott v. Ebberts*, No. 1:09-CV-2379, 2010 WL 391814, at *4 (M.D. Penn. Jan. 11, 2010) ("[T]he remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.").

Further, even if *Nelson* somehow applies retroactively for Section 2241 purposes – which Hager has not shown – Hager's challenge to relevant conduct used to enhance his sentence fails to show that he was convicted of a nonexistent offense (a separate requirement to establish jurisdiction under the savings clause). As the Fifth Circuit recently noted, "[w]e have repeatedly held that challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e)." *Kelley v. Castaneda*, 711 F. App'x 243, 243-44 (5th Cir. 2018) (per curiam) (collecting cases); *see also, e.g., Getachew v. Harmon*, No. 3:17-cv-224-D-BN, 2017 WL 2348834, at *4 (N.D.

Tex. Mar. 27, 2017) ("[E]ven if Getachew was sentenced as a career offender under the guidelines and even if *Mathis* applied retroactively on collateral review, Getachew has not established that he may have been convicted of a nonexistent offense, as the Fifth Circuit 'has held that a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241.'" (quoting *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) (per curiam))), *rec. adopted*, 2017 WL 2345707 (N.D. Tex. May 30, 2017).

## Recommendation

The Court should summarily dismiss the habeas petition for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 16, 2018

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE