IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARION DAVID HAGER<br>(BOP Register No. 54182-380), | §<br>§<br>§ | |
| Petitioner, | §<br>§ | |
| V. | §<br>§ | No. 3:18-cv-355-D<br>(Fifth Circuit No. 18-10913) |
| UNDERWOOD, Warden, | §<br>§ | |
| Respondent. | §<br>§ | |

**MEMORANDUM OPINION AND ORDER GRANTING CONSTRUED
MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL**

Petitioner Marion David Hager, a federal prisoner convicted in the Western District of Texas but incarcerated at a BOP facility in this district, filed a *pro se* 28 U.S.C. § 2241 habeas petition challenging the relevant conduct used to determine his sentence under 28 U.S.C. § 2255(e), the "savings clause" of Section 2255. *See* Dkt. Nos. 3, 4, & 5. The Court summarily dismissed his petition for lack of subject matter jurisdiction, *see* Dkt. Nos. 6, 11, & 12, and denied Hager's request for reconsideration, *see* Dkt. Nos. 14 & 15. Hager then appealed. *See* Dkt. No. 16.

On July 15, 2019, the United States Court of Appeals for the Fifth Circuit remanded this action to allow the district court to rule on Hager's construed motion under Federal Rule of Appellate Procedure 4(a)(5)(A) to extend the time to file a notice of appeal. *See* Dkt. No. 21. And Senior United States District Judge Sidney A. Fitzwater referred the motion to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) for, as may be appropriate, disposition or findings and

recommendation. *See* Dkt. No. 22.

## Legal Standards and Analysis

The Fifth Circuit's remand order sets up the issue now before the Court:

> The district court entered its final judgment on May 1, 2018. Any notice of appeal had to be filed within 60 days. *See* 28 U.S.C. § 2107(b); FED. R. APP. P. 4(a)(1)(B). Hager's "petition to reconsider" did not extend this time because it was filed more than 28 days after the district court issued its judgment. *See* FED. R. APP. P. 4(a)(4)(A); FED. R. CIV. P. 59(d)-(e). Because the 60-day "appeal filing deadline [is] prescribed by statute," it affects [appellate] jurisdiction. *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 16 (2017) (citing *Bowles v. Russell*, 551 U.S. 205, 210-13 (2007)).
> 
> Hager's notice of appeal was dated July 9, 2018, and filed July 13, 2018. It was therefore untimely. But "[w]e construe [Hager's] notice of appeal, which asserted reasons for his untimely filing, as a motion under Federal Rule of Appellate Procedure 4(a)(5)(A)" to extend the time to file a notice of appeal. *Kramer v. Castaneda*, 599 F. App'x 174, 174 (5th Cir. 2015).

Dkt. No. 21 at 2 (footnote omitted).

"The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) ... that party shows excusable neglect or good cause." FED. R. APP. P. 4(a)(5)(A).

"The good cause and excusable neglect standards have 'different domains.' They are not interchangeable, and one is not inclusive of the other." FED. R. APP. P. 4 advisory committee's note, 2002 Amendments, Subdivision (a)(5)(A)(ii) (quoting *Lorenzen v. Employees Ret. Plan*, 896 F.2d 228, 232 (7th Cir. 1990)). "A more structured and exacting analysis is appropriate where a party seeks protection from his own negligence; where a litigant is the victim of unforeseeable circumstances, however, justice permits greater discretion." *Price v. General Cable Indus., Inc.*, 466

-2-

F. Supp. 2d 610, 613 (W.D. Penn. 2006). And the Rule's subsequent addition of a good-cause option "'expand[ed] to some extent the standard for the grant of an extension of time,' showing that excusable neglect should not be equated with 'good cause,' much less with the broader concept of 'cause.'" *In re Heartland Steel, Inc.*, No. 1:03-CV-802-DFH, 2003 WL 23100035, at *3 n.1 (S.D. Ind. Dec. 16, 2003) (citation omitted).

"The good cause standard" "is applicable 'in situations in which there is no fault – excusable or otherwise.' In those situations, an extension of time is necessary because of something that was entirely beyond the control of the moving party, such as where 'the Postal Service fails to deliver a notice of appeal.'" *Tuesno v. Jackson*, No. 5:08-cv-302(DCB)(JMR), 2013 WL 685928, at *4 (S.D. Miss. Feb. 25, 2013) (quoting FED. R. APP. P. 4 advisory committee's note, 2002 Amendments, Subdivision (a)(5)(A)(ii)).

And a court's determination as to excusable neglect

> is at bottom an equitable one, taking account all of the relevant circumstances surrounding the party's omission. These include ... the danger of prejudice ..., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007) (quoting *Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877, 879 (5th Cir. 1998) (quoting, in turn, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); internal quotation marks omitted).

Regardless which standard applies, the rules now "require only a 'finding' of excusable neglect or good cause and not a 'showing' of them." *Krepps v. Gov't of the V.I.*,

No. CRIM.A.1999/0047, 2009 WL 1117297, at *2 n.5 (D.V.I. Apr. 22, 2009) (quoting and citing FED. R. APP. P. 4 advisory committee's note, 1998 Amendments, Subdivision (b)).

Hager cites his "non-delivered Legal Mail" as a basis for showing good cause or excusable neglect. Dkt. No. 16 at 2; *see also id.* at 1 (stating that a district court order "was returned as 'undeliverable'"). The Court's docket also reflects that numerous orders sent to Hager were returned to the Court as undeliverable. *See* Dkt. Nos. 9, 13, 24. Considering that, here, there is no evidence of bad faith; the delay was minimal; and prejudice to Hager would be substantial (the dismissal of his appeal), the documented difficulties with notifying Hager of the Court's decisions through the mail amount to a showing of excusable neglect that is sufficient to grant his construed motion to extend the time to file a notice of appeal. *Cf. Stotter*, 508 F.3d at 820 (noting that "more leeway" is given "to a district court's determination of excusable neglect when the district court grants the motion for an extension of time" (citation omitted)).

## Conclusion

The Court GRANTS Petitioner Marion David Hager's construed motion under Federal Rule of Appellate Procedure 4(a)(5) to extend the time to file a notice of appeal and RETURNS this case to the United States Court of Appeals for the Fifth Circuit.

SO ORDERED.

DATED: September 5, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE